UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MOCKINGBIRD PHARMA LLC,      )
                                                            )
        Plaintiffs,                     )
                                                            )      CIVIL ACTION NO.
VS.                                                           )
                                                            )      3:19-CV-00240-G
FLTX HOLDINGS LLC d/b/a DMG    )
HEALTH CARE PHARMACY, HEALTH  )
RESOURCES CONSULTANTS, INC.      )
d/b/a HEALTHCARE PHARMACY, and  )
JEREMY KLEIN,
        Defendants.

## MEMORANDUM OPINION AND ORDER

Before the court is plaintiff Mockingbird Pharma LLC's ("Mockingbird") motion for summary judgment against defendant Jeremy Klein ("Klein") pursuant to Federal Rule of Civil Procedure 56. Plaintiff's Motion for Summary Judgment ("Motion for Summary Judgment") (docket entry 32). For the reasons stated below, Mockingbird's motion for summary judgment against Klein is **GRANTED**.

### I. BACKGROUND

#### A. Factual Background

On August 10, 2016, Klein, a principal of Health Resources Consultants, Inc., d/b/a Healthcare Pharmacy, executed a New Customer Agreement with Redmond &

Greer Pharmacy Supply ("Healthcare Pharmacy Contract"). Appendix in Support of Plaintiff's Motion for Summary Judgment at App. 13-14 ("Appendix in Support").[1] On March 28, 2017, Klein, the principal of FLTX Holdings LLC d/b/a DMG Health Care Pharmacy executed a New Customer Application with Redmond & Greer Pharmacy Supply ("DMG Contract").[2] *Id.* at App. 7-8. Both contracts set forth the terms of sale for goods by plaintiff to Healthcare Pharmacy and DMG. *Id.* at App. 7-8, 13-14. Furthermore, both contracts allow for the purchase of wholesale goods to be sold in Healthcare Pharmacy's retail stores, as well as in DMG's retail stores. *Id.* Beginning in the spring of 2017, both Healthcare Pharmacy and DMG began to fail to pay on invoices owed to the plaintiff. Brief in Support of Plaintiff's Motion for Summary Judgment at 4-5 ("Brief in Support") (docket entry 32-1).

The contracts, in relevant part, both read:

> This is an unconditional personal guarantee for credit extended by [Mockingbird] or its subsidiaries in connection with the purchase of any and all goods. Further, the guarantor agrees to subject their company and themselves to the jurisdiction and venue of the Texas courts. [] We understand our terms are set at time of sale on a case by case basis, this is subject to credit

---

[1] Page numbers for the Appendix in Support refer to the numbers on the bottom right hand corner of the document.

[2] On January 13, 2020, plaintiff filed a Notice of Name Change and Motion to Amend Caption. Notice of Name Change and Motion to Amend Caption ("Motion to Amend") (docket entry 33). In that motion, plaintiff wrote that it had legally changed its name to Mockingbird Pharma LLC, and requested that the court thereafter refer to the company as Mockingbird Pharma, not Redmond & Greer. *Id.* On January 27, 2020, the court granted plaintiff's Motion to Amend. For purposes of clarity, this court will now only refer to plaintiff as Mockingbird.

approval and agree to pay at the place designated on the invoice all drafts and obligations, evidence of credit, and all extensions of credit, and all finance charges when imposed, either: (a) In full upon due date, or (b) If not paid upon due date, a 1.5% monthly finance charge will be assessed (c) On default or failure to pay as agree, you will pay to [Mockingbird] or its subsidiaries collection costs, the maximum monthly finance charge permitted, and reasonable attorney's fees.

Appendix in Support at App. 7, 13. At the bottom of each of the contracts, Klein signed his name under "Signature of Principal/Guarantor". *Id.* For the DMG Contract Klein is listed as the manager, and for the Healthcare Pharmacy Contract Klein is listed as the vice president. *Id.*

Plaintiff seeks to recover amounts owed to it from Klein as a guarantor under both of the contracts. Under the Healthcare Pharmacy Contract, Mockingbird is owed $1,026,198.60. *Id.* at App. 4, 71. Under the DMG Contract, Mockingbird is owed $855,935.41. *Id.* at App. 3, 16-17. In addition, Mockingbird seeks $17,646.16 in attorneys fees from Klein, pursuant to section 2(c) of the contracts. Brief in Support at 11; Appendix in Support at App. 7, 14.

B.  Procedural Background

Plaintiff filed its original petition in a Texas state court in Dallas County on December 4, 2018. *See* Plaintiff's Original Petition (docket entry 1-4). Plaintiff's original petition named three defendants: DMG, Healthcare Pharmacy, and Jeremy Klein. *Id.* On January 31, 2019, defendants filed their notice of removal with the federal district court. *See* Notice of Removal (docket entry 1). On March 29, 2019,

plaintiff filed an amended complaint against all defendants. *See* Amended Complaint (docket entry 15). Shortly thereafter, on April 12, 2019, defendants filed their answer. *See* Defendants' Answer (docket entry 16).

On August 22, 2019, counsel for defendants filed a motion to withdraw as attorneys for DMG, Healthcare Pharmacy, and Klein. *See* Motion to Withdraw as Attorney (docket entry 20). The court granted that motion on August 23, 2019 and ordered defendants to retain new counsel within 30 days. *See* Order granting Motion to Withdraw as Attorney (docket entry 21). However, on September 27, 2019, plaintiff filed a notice of failure to comply with court's order, as defendants had not yet notified the court if they had retained new counsel. *See* Notice of Failure to Comply with Court's Order (docket entry 22). The plaintiff was ordered to move for default judgment against DMG Health Care Pharmacy and Healthcare Pharmacy because, as corporate defendants, they were required to be represented by counsel. *See* Order (docket entry 24). Defendant Klein, as an individual, was allowed to proceed in the litigation *pro se*. *Id.* Plaintiff requested for the clerk to enter default judgment on October 4, 2019, and on October 7, 2019, the clerk entered default judgment as to the two corporate defendants. *See* Request for Clerk to issue Entry of Default (docket entry 26) and Clerk's Entry of Default (docket entry 27). The court entered default judgment against DMG Health Care Pharmacy and Healthcare Pharmacy on October 10, 2019. *See* Default Judgment (docket entry 29). The court

entered an order certifying the default judgment as final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure on October 15, 2019. *See* Order Certifying Default Judgment as Final Judgment (docket entry 31).

On December 20, 2019, plaintiff filed a motion for summary judgment against defendant Klein. *See* Motion for Summary Judgment. Defendant has failed to file a response to plaintiff's summary judgment motion. Consequently, plaintiff's motion for summary judgment is now ripe for review.

## II. ANALYSIS

### A. Summary Judgment Legal Standard

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1).[3] A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481,

---

[3] Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in her favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

B.  <u>Applicable Substantive Law</u>

Both of the contracts state that they are governed by Texas law.  Appendix in Support at App. 7, 13.  Furthermore, a federal district court sitting in diversity applies state substantive law.  *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

C.  <u>The Guaranty Contract</u>

A guaranty is "an agreement which creates a secondary obligation whereby the guarantor confirms he is to be responsible for the debt of another and, if the party primarily obligated on the debt does not perform, the guarantor will be called upon to perform."  *Farkooshi v. Afisco Interest, LLC*, No. 14-13-00201-CV, 2014 WL 4161708, at *5 (Tex. App.–Houston [14th Dist.] 2014, no writ).  Plaintiff's argument is that Klein is a guarantor for the DMG Contract and the Healthcare Pharmacy Contract and thus, plaintiff ought to be able to collect from Klein.

There are four elements to a guaranty contract.  In order for the plaintiff to recover under a guaranty contract, the plaintiff must prove the following four elements: "(1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor."  *Haggard v. Bank of Ozarks, Inc.*, 668 F.3d 196, 199 (5th Cir. 2012) (quoting *Marshall v. Ford Motor Company*, 878 S.W.2d 629, 631 (Tex. App.–Dallas

1994, no writ)). As explained below, plaintiff has proved all four elements and may recover under the guaranty contract.

First, a guaranty contract exists "if the agreement reflects '(1) the parties involved, (2) a manifestation of intent to guaranty the obligation, and (3) a description of the obligation being guaranteed.'" *S&A Restaurant Corporation v. Lane*, No. 3:06-CV-1550, 2007 WL 4403304, at *3 (N.D. Tex. Dec. 18, 2007) (Lindsay, J.) (quoting *Park Creek Associates, Limited v. Walker*, 754 S.W.2d 426, 429 (Tex. App.–Dallas 1988, writ denied)). The text of both the DMG Contract and the Healthcare Pharmacy Contract explicitly state that Jeremy Klein is a guarantor. Appendix in Support at App. 7, 13. Both of the contracts state: "[t]his is an unconditional personal guarantee for credit extended by [Mockingbird] or its subsidiaries in connection with the purchase of any and all goods." *Id.* Both of the contracts are signed by Klein as "guarantor." *Id.* It is evident from the face of the contracts that they are guaranty agreements with Klein serving as the guarantor.

Second, the contracts state that they are an "unconditional personal guarantee for credit extended by [Mockingbird] or its subsidiaries." *Id.* The contracts note that the terms are set on a "case by case basis" that are "subject to credit approval." *Id.* Therefore, the terms of the contract are clear.

Third, Klein has expressly stated that he has not paid the plaintiff "for all of the goods and services Plaintiff provided under the DMG Contract and the

Healthcare Pharmacy Contract." Appendix in Support at App. 191. Klein's admission that he has not paid the plaintiff satisfies the third element. *See Morales v. Cemex Construction Materials South, LLC*, No. 14-10-00727-CV, 2011 WL 3628861, at *2 (Tex. App.–Houston [14th Dist.], no writ) (finding that appellant Morales was liable under a guaranty contract after he did not dispute that he had not paid "for the materials at issue purchased on credit from Cemex."). Additionally, under Texas law, "a guaranty that is absolute and unconditional is one that requires no condition precedent to its enforcement against the guarantor other than mere default by the principal debtor." *U.S. v. Vahlco Corporation*, 800 F.2d 462, 466 (5th Cir. 1986) (citations omitted). Both contracts in question explicitly state that they are unconditional. Appendix in Support at App. 7, 13. Thus, when this court entered a default judgment against the corporate defendants and they failed to pay, that triggered Klein's liability. *See* Default Judgment.

Finally, Klein has refused to perform under the guaranty contract, thus fulfilling the fourth element. The court in *Whitney Bank v. Hancock* found the guarantors liable after the plaintiff submitted the guaranty agreement as evidence and they proved that the guarantor refused to pay. No. H-11-2164, 2013 WL 1404822, at *2 (S.D. Tex. Apr. 5, 2013). In addition, the guarantors did not respond to the plaintiff's summary judgment motion, and so the court found no genuine dispute as to any material fact and granted summary judgment for the plaintiff. *Id.* at 5.

Likewise here, the plaintiff has submitted the guaranty contracts (both of which are signed by Klein) and they have proved that Klein has failed to pay. Appendix in Support at 7, 13, 191.

The plaintiff has proved all four elements of a guaranty contract in order to allow them to recover against Klein under the DMG Contract and the Healthcare Pharmacy Contract. Accordingly, the court grants summary judgment in favor of the plaintiff as to the DMG Contract and the Healthcare Pharmacy Contract.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion for summary judgment pursuant to Rule 56 is **GRANTED**. Judgment will be entered in favor of plaintiff Mockingbird Pharma against defendant Jeremy Klein.

**SO ORDERED**.

February 27, 2020.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**